STUART, Justice
(dissenting).
I respectfully dissent from the majority’s reversal of the judgment of the Court of Criminal Appeals.
A “sniff’ by a trained canine in a public place is not a “search” within the meaning of the Fourth Amendment. United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). See also Seeley v. State, 669 So.2d 209 (Ala.Crim.App.1995)(“[A] ‘sniff test’ by [a] narcotic-detection dog [does] not come within the protection afforded by the Fourth Amendment.”). A sniff by a drug-detection dog of the exterior of a vehicle parked on the side of a public highway during a traffic stop that is lawful at its origination and that is otherwise conducted in a reasonable manner does not encroach upon a protected interest in privacy provided by the Fourth Amendment. Illinois v. Caballes, 543 U.S. 405, 409, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). After an officer has decided to allow a traffic offender to depart, the Fourth Amendment applies to limit any subsequent detention or search. United States v. Jacobsen, 466 U.S. 109, 124, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); State v. Washington, 623 So.2d 392 (Ala.Crim.App.1993). If a law-enforcement officer detains-a traffic offender beyond the scope of a routine traffic stop, the officer must possess a justification for doing so other than the initial traffic violation that prompted the stop. Florida v. Royer, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Thus, a prolonged automobile stop requires either the driver’s consent or a “reasonable suspicion” that illegal activity, other than' the traffic violation, exists. Royer, 460 U.S. at 500-01. A sniff of the exterior of a vehicle by a drug-detection dog may produce an unconstitutional seizure if the traffic stop is unreasonably prolonged before the dog conducts its sweep. 543 U.S. at 407.
The record establishes that the law-enforcement officer stopped Teddy Lee Knox’s vehicle for a traffic violation. After the law-enforcement officer handed Knox the traffic citation and told Knox that he was free to go, the law-enforcement officer asked Knox if he could discuss some matters further with him. The record indicates that Knox agreed to remain and to converse further with the officer. The canine sweep of Knox’s vehicle occurred after Knox agreed to remain.
The record does not contain any pleadings addressing the suppression of the evidence seized as a result of the canine sweep. At the suppression hearing, Knox argued that his detention during the traffic stop was unlawfully prolonged because the law-enforcement officer did not have reasonable suspicion to detain him. See United States v. Perkins, 348 F.3d 965, 970 (11th Cir.2003)(“A traffic stop may be prolonged where an officer is able to artic *1222 ulate a reasonable suspicion of other illegal activity beyond the traffic offense.”). The State did not make a legal argument per se at the hearing;. it, however, did make a minimal response to a factor argued -by Knox.
The circuit court held that the law-enforcement officer did not have reasonable suspicion “to detain Knox beyond the point in time when the officer gave Knox the warning citation and told him he was free to go.” In reaching its determination, the circuit court considered Knox’s consent to prolonging the traffic stop, stating:
“The officer testified that after telling Knox he was free to go, he requested that Knox remain and answer more questions. When Knox acquiesced in this request, the officer asked if there Were any illegal drugs in his car, inquiring specifically about narcotics, cocaine, and marihuana,...
“The request for Knox to remain and answer some more questions was made in the presence of three police officers (and a canine unit) and before Knox was given the opportunity to reenter his car. Given these circumstances, Knox may or may not have , considered his decision to remain consensual, but assuming that he did, his answers at that point provided no further basis for reasonable suspicion.” [12]
On appeal to the Court of Criminal Appeals, the State contended that the circuit court erred in holding that the law-enforcement officer unreasonably prolonged Knox’s traffic stop. The State noted that the record established a reason additional to the existence of reasonable suspicion to support a finding that Knox’s traffic stop was not unlawfully prolonged—Knox’s consent to prolonging the traffic stop.’ The Court of Criminal Appeals agreed with the State that because the record -established that Knox had consented to prolong the traffic stop, Knox’s Fourth Amendment rights were not infringed by the sweep of the vehicle by the drug-detecting dog.
Applying the law to the facts of this case, I must conclude that the' only legal question presented to' the circuit court was whether the traffic stop was unlawfully prolonged. If Knox’s detention was unlawfully prolonged,- then the' protections of the Fourth Amendment applied, and the canine sniff of Knox’s vehicle was unconstitutional. If Khox’s detention was not unlawfully prolonged, then the canine sniff of Knox’s vehicle did not infringe upon Knox’s protected interest in privacy. In my opinion, the State did not offer a new theory on appeal, as the majority concludes; instead, the State provided an “additional ‘precise reason’ and authority as to why, as a matter of law, the trial court wrongly decided th[e] issue [of whether Knox’s detention was unlawfully prolonged].” Ex parte Jenkins, 26 So.3d 464, 474 n. 7 (Ala.2009). Therefore, I agree with the Court of. Criminal Appeals that Knox’s consent to continue conversing with the law-enforcement officer effectively removed the encounter from a Fourth Amendment inquiry.
BOLIN and WISE, JJ., concur.

. Although the circuit court improperly determined that Knox’s consent to remain was a factor in determining whether reasonable suspicion existed, instead of an independent reason to lawfully prolong the traffic stop, the circuit court’s inclusion of the evidence of Knox’s consent in its analysis establishes that this reason for prolonging the traffic stop was presented to and considered by the circuit court.